1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9                    EASTERN DISTRICT OF CALIFORNIA

10

11  CAPITAL BEVERAGE CO., a      )  Case No. 2:09-CV-00349 JAM-KJM
    California Corporation, CAPITAL )
12  COORS CO., a California      )
    Corporation; and KENNETH M.  )      ORDER GRANTING PLAINTIFFS'
13  ADAMSON,                     )
                                 )      MOTION TO REMAND
14              Plaintiffs,      )
                                 )
15       v.                      )
                                 )
16  CROWN IMPORTS, LLC, a Delaware )
    Limited Liability Company; BUTTE )
17  CREEK BREWING COMPANY; BISON )
    BREWING COMPANY, LLC; and DOES 1 )
18  through 100, inclusive,      )
                                 )
19              Defendants.      )
    _____)

20

21       The matter before the Court is Plaintiffs Capital Beverage

22  Company ("Capital Beverage"), Capital Coors Company ("Capital

23  Coors"), and Kenneth M. Adamson's (collectively, "Plaintiffs'")

24  Motion to Remand pursuant to 28 U.S.C. § 1447(c).  Defendant Crown

25  Imports LLC ("Crown") removed this case from the Sacramento County

26  Superior Court on February 5, 2009 pursuant to 28 U.S.C. § 1441(a).

27  Notice of Removal, Docket # 1.  Crown filed its opposition to

28

                                    1

Plaintiffs' Motion on March 23, 2009.  For the reasons set forth below, Plaintiffs' Motion to Remand is GRANTED.[1]

BACKGROUND

Plaintiffs are beer wholesalers.  They were contracted beverage distributors for Crown and Co-Defendants Butte Creek Brewing Company ("Butte") and Bison Brewing Company, LLC ("Bison").  Crown is a Delaware limited liability corporation, having its principal place of business in Chicago, Illinois.  Def.'s Notice of Removal, ¶ 10.  Butte and Bison are both California corporations.  Pls.' Complaint ¶¶ 5-6.  In August of 2008, Plaintiffs agreed to sell all of their assets and goodwill to DBI Beverage Sacramento ("DBI"), including the right to distribute beverage products sold by the manufacturers with whom Plaintiffs had contracted.  Pls.' Memo in Support of Motion to Remand 2.

Defendants allegedly withheld consent to the transfer of distribution rights to DBI.  Pls.' Memo in Support of Motion to Remand 2.  Plaintiffs filed suit in Sacramento County Superior Court against all three Defendants for damages arising out of their alleged violations of California Business and Professions Code section 25000.9.  Pls.' Complaint ¶¶ 10-30.  Crown then filed its Notice of Removal, seeking to remove the action to federal court on the basis of diversity jurisdiction.  Plaintiffs subsequently filed

---

[1] Because oral argument will not be of material assistance, the court orders this matter submitted on the briefs.  E.D. Cal. L.R. 78-230(h).

2

their Motion to Remand.  In response, Crown claims that it was improperly joined.  Specifically, Crown contends that Plaintiffs' claims against Crown are not sufficiently related to those against Butte and Bison, whom Plaintiffs' joined in order to defeat diversity jurisdiction in federal court.  Crown asks the Court to deny Plaintiffs' Motion to Remand or, in the alternative, deny Plaintiffs' Motion as to Crown and sever and remand the claims against Butte and Bison.  Def.'s Resp. 1-3.

OPINION

A defendant may remove an action to federal court when it is within the original jurisdiction of the United States district court.  28 U.S.C. § 1441(a) (1982).  That section provides that "if at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."  28 U.S.C. § 1441(c).  The burden of establishing federal jurisdiction is upon the party seeking removal.  The removal statute is strictly construed against removal jurisdiction.  See Emrich v. Touche Ross & Co., 846 F.2d 1190 (9th Cir. 1988); see also Salveson v. Western States Bankcard Ass'n., 731 F.2d 1423, 1426 (9th Cir. 1984).  The strong presumption against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper.  Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992).  In this case, Defendant has failed to meet that burden.

In cases between diverse parties, complete diversity is required in order for diversity jurisdiction to apply. Complete diversity exists when no plaintiff is from the same state as any defendant. See 28 U.S.C. § 1332. Defendants Bison and Butte are both California residents, as are Plaintiffs. As a result, complete diversity does not exist in this case.

As Crown notes, however, there are exceptions to the complete diversity requirement. One recognized exception is the doctrine of fraudulent joinder. Some jurisdictions have recognized a separate, but related, exception – fraudulent misjoinder. Def.'s Resp. 2. Crown claims that fraudulent misjoinder constitutes an "exception to the requirement of complete diversity for purposes of subject matter jurisdiction." Def.'s Resp. 2. Crown argues that the claims it faces are not sufficiently related to Plaintiffs' claims against Co-Defendants Butte and Bison, whom Plaintiffs joined in this action in order to defeat diversity jurisdiction in federal court. See Def.'s Resp. 2-5. In other words, Crown contends that Plaintiffs' claims constitute fraudulent misjoinder.

The fraudulent misjoinder doctrine, where accepted, holds that a plaintiff's claims against various defendants must contain a sufficient factual commonality. See Tapscott v. MS Dealer Service Corp., 77 F.3d 1353, 1360 (11th Cir. 1996); see also Sutton v. Davol, Inc., 251 F.R.D. 500, 504 (E.D. Cal. 2008). Often referred to as the *Tapscott* doctrine, fraudulent misjoinder is distinct from

the traditional fraudulent joinder doctrine. The latter inquires into the substantive factual or legal basis for the plaintiff's claim against a resident defendant. Specifically, fraudulent joinder occurs where there is no possibility that the plaintiff can state a cause of action against a resident defendant or where there has been outright fraud in the plaintiff's pleading of jurisdictional facts. See Morris v. Princess Cruises, Inc., 236 F.3d 1061, 1067 (9th Cir. 2001). The fraudulent misjoinder doctrine, on the other hand, inquires into the procedural basis for the plaintiff's joinder of the resident defendant. Specifically, fraudulent misjoinder, when accepted, occurs where the joined claims are not sufficiently related. See Sutton v. Davol, Inc., 251 F.R.D. 500, 503 (E.D. Cal. 2008).

The Ninth Circuit and its encompassed districts have split on the validity of the fraudulent misjoinder doctrine. See Greene v. Wyeth, 344 F.Supp.2d 674, 684 (D. Nev. 2004). However, this Court finds no reason to delve into the doctrine's validity or worthiness because the facts in this case are insufficient to establish its existence.[2] In Tapscott, the Eleventh Circuit articulated that a misjoinder is fraudulent if it rises to the level of egregiousness. Tapscott, 77 F.3d at 1360. Such is not the case here. The joined

---

[2] The Court notes, however, that Judge Karlton has declined to apply the fraudulent misjoinder doctrine and, in doing so, expressed "substantial doubts" regarding its propriety. See Osborn v. Metropolitan Life Ins. Co., 341 F.Supp.2d 1123, 1126, 1128-29 (E.D. Cal. 2009).

lawsuits are not so completely separate and distinct as to constitute egregiousness. The causes of action asserted against all three Defendants arise out of a single transaction, Plaintiffs' sale to DBI. Plaintiffs' claims also involve common questions of law and fact, particularly given that Plaintiffs are suing all three defendants for violation of the same California Business and Professions Code section. Regardless of the fraudulent misjoinder doctrine's validity or application in the Ninth Circuit, the facts here are insufficient to warrant its invocation.

On the other hand, the facts are clearly sufficient to satisfy California joinder rules. In determining whether joinder was proper, this Court must apply California law. See Bass v. First Pacific Networks, Inc., 219 F.3d 1052, 1055 n.2 (9th Cir.2000). California joinder rules have been construed liberally. See Osborn v. Metropolitan Life Ins. Co., 341 F.Supp.2d 1123, 1128-29 (E.D. Cal. 2004); see also Landau v. Salam, 4 Cal.3d 901, 904 (1971); Russello v. Mori, 153 Cal.App.2d 828, 831 (1957). Under those rules, multiple defendants are joined properly if the claim arises out of the same transactions or occurrences and if it contains questions of law or fact common to those defendants. Cal. Code Civ. Pro § 379(a)(1).

As stated previously, the causes of action asserted against the three Defendants arise out of a single transaction, Plaintiffs' sale to DBI. Additionally, Plaintiffs' claims will involve common

questions of law and fact, as they are suing all three defendants for violation of the same California Business and Professions Code section.  Therefore, this Court finds that joinder is proper under California law.

ORDER

The facts in this case do not rise to the level necessary to establish fraudulent misjoinder, regardless of that doctrine's validity in the Ninth Circuit.  Plaintiffs' actions against all three Defendants arise out of the same transaction and allege violations of the same California law.  This is sufficient to satisfy California's joinder requirements.  Because there is neither complete diversity nor fraudulent misjoinder, the Court lacks jurisdiction over this case. Accordingly, the Court remands this matter to the Sacramento Superior Court.

Plaintiffs' Motion to Remand is GRANTED.


IT IS SO ORDERED.

Dated: April 20, 2009                    _____
                                         JOHN A. MENDEZ,
                                         UNITED STATES DISTRICT JUDGE